**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF LOUISIANA**
**MONROE DIVISION**

| | |
|---|---|
| **JIQIN YANG** | **CIVIL ACTION NO. 25-1962** |
| | **SECTION P** |
| **VS.** | |
| | **JUDGE TERRY A. DOUGHTY** |
| **WARDEN JACKSON PARISH CORRECTIONAL CENTER, ET AL.** | **MAG. JUDGE KAYLA D. MCCLUSKY** |

## MEMORANDUM ORDER

Petitioner Jiqin Yang,[1] a detainee at Jackson Parish Correctional Center ("JPCC") in the custody of the Department of Homeland Security ("DHS") and the Bureau of Immigration and Customs Enforcement ("ICE") who proceeds pro se, petitions the Court for a writ of habeas corpus under 28 U.S.C. § 2241.

## Background

Petitioner "is a native and citizen of The People's Republic of China." [doc. # 1, p. 12]. He entered the United States "without inspection at the U.S.—Mexico border on or about December 15, 1988." *Id.* at 13.  On March 31, 1998, an immigration judge granted Petitioner "voluntary departure, with an alternative order of removal to China." *Id.* at 14.  Petitioner appealed to the Board of Immigration Appeals which, on June 28, 2002, upheld the immigration judge's orders. *Id.*

Petitioner "remained in the United States after the order of deportation became final and has not departed the country since that time." [doc. # 1, p. 14].  In April 2025, Petitioner's son

---

[1] Petitioner's "A-Number" is 029788298.

"filed an I-130 Petition for Alien Relative" on Petitioner's behalf "with the United States Citizenship and Immigration Service[.]" *Id.* at 15.  The petition pending.  *Id.*

On March 20, 2025, ICE took Petitioner into immigration custody.  [doc. # 1, p. 15].  He writes: "No travel document has been issued, despite apparent ongoing requests by ICE.  [He] has fully cooperated with all efforts to effectuate his removal . . . ."  *Id.* at 16.

Petitioner filed the instant petition on approximately December 8, 2025.  [doc. # 1]. Citing *Zadvydas v. Davis*, 533 U.S. 678 (2001), he first claims that his "removal has still yet to be effectuated, with no likelihood it will be in the foreseeable future given no travel documents have been issued by China despite apparent ongoing requests." *Id.* at 22.  He adds, "Absent some explanation for why a travel document would be forthcoming in [his] case, there is nothing to suggest he would be issued one after fleeing China without permission almost 40 years ago, especially where, with no 'exceptions,' the embassy requires original identity documents to issue a passport that would allow entry." *Id.*

Petitioner next claims, under 42 U.S.C. § 1983, that he is not receiving adequate medical care at JPCC.  [doc. # 1, p. 25].  He writes, *inter alia*, that he lacks his heart medication, that he lacks regular monitoring of his heart condition, and that therefore his continued detention is increasing his risk of a heart attack "or stroke by the day . . . ." *Id.* at 29-30.

Petitioner seeks immediate release from custody.  [doc. # 1, p. 7].

### Order

To resolve this matter:

**THE CLERK OF COURT IS DIRECTED** to serve a summons, a copy of the Petition, [doc. # 1], Exhibit, [doc. # 1-2], and a copy of this Memorandum Order by certified mail on the named Respondents **and** the United States Attorney for the Western District of Louisiana.

**IT IS ORDERED** that Respondents answer the Petition within **21 days** following the date of service.[2]  Respondents shall include evidence indicating whether there is a significant likelihood of Petitioner's removal in the reasonably foreseeable future and whether Petitioner's detention is otherwise lawful.  Respondents shall also include information regarding the length of time that Petitioner has been in custody, the date he entered the United States, his statutory and/or regulatory classification both when he entered the United States and now, the statute under which he is presently detained, the date he was ordered removed, the date on which his removal order became final, and all documents relevant to any efforts made by officials to obtain travel documents for Petitioner and remove Petitioner.  Respondents shall also file a memorandum of law, briefing the issues and citing applicable law.

**IT IS FURTHER ORDERED** that Petitioner shall have **14 days** following the filing of Respondents' response to file a reply and produce evidence concerning the lawfulness of his detention.

**IT IS FURTHER ORDERED** that as a condition of their acceptance by the Clerk of Court, all future filings by the parties shall include a certificate stating that copies of the filings have been mailed to all other parties.

When the record is complete, the Court will determine if any genuine disputes of material fact necessitate an evidentiary hearing.  If no hearing is necessary, the undersigned will issue a Report and Recommendation without further notice.

---

[2] Petitioner asks the Court to order Respondents to respond within three days.  Rule 4 of the Rules Governing Section 2254 Cases provides in pertinent part, "If the petition is not dismissed, the judge must order the respondent to file an answer, motion, or other response within a fixed time . . . ."  RULES GOVERNING SECTION 2254 CASES, RULE 4.  Applying Rule 4 here, the Court declines to deviate from the fixed response time that it customarily affords respondents.

In Chambers, Monroe, Louisiana, this 10th day of December, 2025.

_____

Kayla Dye McClusky
United States Magistrate Judge