**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF LOUISIANA**
**MONROE DIVISION**

| | |
|---|---|
| **JIQIN YANG** | **CIVIL ACTION NO. 25-1962** |
| | **SECTION P** |
| **VS.** | |
| | **JUDGE TERRY A. DOUGHTY** |
| **WARDEN JACKSON PARISH** | **MAG. JUDGE KAYLA D. MCCLUSKY** |
| **CORRECTIONAL CENTER, ET AL.** | |

<u>**MEMORANDUM ORDER**</u>

Petitioner Jiqin Yang filed a motion "for Expedited Relief Under 28 U.S.C. § 1657(a)." [doc. # 13]. He asks the Court to "expeditiously" grant his habeas petition because of his medical emergency: he is allegedly not receiving appropriate medical treatment at Jackson Parish Correctional Center. *Id.*

Petitioner's motion, however, is moot because the instant proceeding is already expedited. [*See* doc. # 2]. Moreover, claims of unconstitutional medical care or conditions of confinement are not cognizable in habeas proceedings. *See, e.g., Moore v. King*, No. 08-60164, 2009 WL 122555, at *1 (5th Cir. Jan. 20, 2009); *Mora v. Warden, Fed. Corr. Complex, Yazoo City Medium*, 480 F. App'x 779, 780 (5th Cir. 2012).

If Petitioner wants to pursue claims of unconstitutional medical care or conditions of confinement, he must file a separate civil rights proceeding, utilizing the appropriate complaint form. Petitioner should be aware that to file a separate civil rights proceeding, he must either pay the filing fee or submit a properly executed application to proceed in forma pauperis. The cost of litigating a civil rights complaint under Section 1983 is significantly higher than the cost of litigating a habeas corpus petition. Petitioner should likewise be aware that he must exhaust

all available administrative remedies *before* seeking relief in this Court for claims concerning

conditions of confinement and medical care.

Accordingly, **IT IS ORDERED** that Petitioner's motion, [doc. # 13], is **DENIED**.

In Chambers, Monroe, Louisiana, this 2nd day of February, 2026.


_____
Kayla Dye McClusky
United States Magistrate Judge